FILED
2/18/2020
Court of Appeals
Division I
State of Washington

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| LEONARD ORTH, | No. 79522-8-I |
| Respondent, | |
| v. | DIVISION ONE |
| JARED KARSTETTER, | UNPUBLISHED OPINION |
| Appellant. | FILED: February 18, 2020 |

CHUN, J. — Leonard Orth petitioned for a protection order against Jared Karstetter. Orth served Karstetter with notice of the hearing, which informed that failure to appear or otherwise respond would result in entry of the order. In response, Karstetter's attorney, Judith Lonnquist, made informal attempts to continue the hearing and filed a notice of appearance. Apparently expecting a continuance would be granted, she directed Karstetter not to attend. Unable to attend the hearing herself, Lonnquist sent her associate, Joshua Volvovic, to attend and request a continuance. Volvovic requested the continuance, which the trial court denied. The trial court concluded that Karstetter had not appeared and thus entered the protection order against him and awarded fees and costs to Orth.

Karstetter moved for reconsideration of the rulings. The trial court struck various portions of his reply materials and denied reconsideration.

Karstetter appeals. Because Karstetter did respond to the notice of hearing, we reverse.

## I. BACKGROUND

On October 9, 2018, Orth petitioned for an order for protection against Karstetter, alleging harassment. The superior court entered a temporary protection order the same day, and scheduled a hearing on the merits for October 30, 2018. A week prior to the hearing, on October 23, Orth served Karstetter with notice of these proceedings and the order. The temporary protection order and notice indicate that a failure to appear at the scheduled hearing or to otherwise respond will result in the court issuing an order of protection under RCW 10.14.

On October 24, Karstetter informed his attorney, Lonnquist, of the matter. She had a conflicting professional obligation on October 30 and e-mailed the court and Orth's attorney, Lauren Berkowitz, requesting to continue the hearing to early November. The superior court clerk e-mailed back, saying that Lonnquist may need to file an appearance. Lonnquist filed a notice of appearance on October 25. Lonnquist claims not to have received a reply from Berkowitz. She then arranged for her associate, Volvovic, to attend the hearing and request a continuance. Volvovic had no prior knowledge of the proceedings and did not communicate with Karstetter in advance of the hearing. Lonnquist, apparently expecting the court to grant a continuance, directed Karstetter not to attend the hearing.

Upon arrival at the hearing, Volvovic announced to the court that he was there to represent Karstetter, that he was standing in for Lonnquist due to her unavailability, and that he was requesting a continuance since she was the only

2

attorney on their side familiar with the matter. Orth opposed the motion to continue. The trial court denied the continuance because it had directed Karstetter to appear, he did not appear, and further, he "could have provided some documentation or explanation as to why the Temporary Restraining Order should not be enforced." Orth requested an award of attorney fees and costs.

The trial court found that Karstetter had not appeared and entered an order for protection against him.[1] The order granted $3,559.29 in fees and costs against Karstetter.

On November 5, Karstetter filed a motion for reconsideration of the court's rulings. Orth filed a response, and Karstetter replied. Orth filed a motion to strike a portion of the reply and two exhibits attached to declarations in support of the reply, which the trial court granted. On January 22, 2019, the trial court denied the motion for reconsideration.

Karstetter appeals.

## II. ANALYSIS

A.    RCW 10.14.080

Karstetter argues that the trial court misinterpreted RCW 10.14.080, erroneously concluded he did not appear at the hearing, and entered the protection order on that basis. Orth argues that Karstetter raises this issue for the first time on appeal, so we should not consider it; but if considered, that the trial court properly interpreted RCW 10.14.080. We conclude that Karstetter

---

[1] Volvovic's declaration explains the trial court's basis for entering the protection order, and Orth's response in opposition to the motion for reconsideration agrees with this statement of the trial court's reasoning.

properly raised the issue below. We also conclude that the trial court erred in concluding that Karstetter did not appear or otherwise respond to the notice of hearing and, on that basis, entering the protection order.

1.    First Time on Appeal

Orth argues that, because Karstetter raises his argument as to the trial court's interpretation of RCW 10.14.080 for the first time on appeal, we should not review the issue. Karstetter properly raised the issue below.

We normally will not review issues or claims of error unless the appellant presented them to the trial court. Lindblad v. Boeing Co., 108 Wn. App. 198, 207 31 P.3d 1 (2001); RAP 2.5(a).

In his reply regarding the motion for reconsideration, responding to a claim in Orth's response that Karstetter did not appear for the hearing, Karstetter argued that "the appearance of [] Volvovic on his behalf constituted an appearance by [] Karstetter." Further, Karstetter argued that the trial court abused its discretion, and a misapplication of the law constitutes abuse of discretion. Dix v. ICT Group, Inc., 160 Wn.2d 826, 833, 161 P.3d 1016 (2007). Thus, Karstetter properly raised the issue to the trial court.

Even if Karstetter had not properly raised the issue, it is at least arguably related to the issues below, so we may consider it. See Lunsford v. Saberhagen Holdings, Inc., 139 Wn. App. 334, 338, 160 P.3d 1089 (2007) (if an issue raised for the first time on appeal is "arguably related to issues raised in the trial court," an appellate court may exercise its discretion to consider it).

2.    Interpretation of RCW 10.14.080 — "fail to appear or otherwise not respond"

The trial court essentially entered a default against Karstetter upon finding that he failed to appear at the hearing. Karstetter argues that, in doing so, the trial court misinterpreted RCW 10.14.080. Orth argues that the trial court properly issued the protection order because Karstetter was not physically present at the October 30 order hearing. Because Karstetter—through counsel—responded to the notice of hearing, we conclude the trial court erred.

We review de novo the meaning of a statute, as it is a question of law. Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). If a statute's meaning is plain on its face, then we must give effect to that plain meaning. Campbell & Gwinn, 146 Wn.2d at 9–10. We examine the statute and closely related statutes to determine its plain meaning. Campbell & Gwinn, 146 Wn.2d at 11–12.

RCW 10.14.080 mandates that an "[ex parte temporary antiharassment protection order] and notice of hearing shall include . . . notice that if the respondent should *fail to appear or otherwise not respond*, an order for protection will be issued against the respondent pursuant to the provisions of this chapter." (Emphasis added.) "Respond" is defined in pertinent part as follows: "to say something in return: make an answer." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1935 (2002). Black's Law Dictionary does not define "respond" but does define "response" as follows: "An argument or brief presented in answer to that of a movant, appellant, or petitioner." BLACK'S LAW DICTIONARY 1569 (11th ed. 2019). Closely related statutes do not provide any further meaning for

5

"respond." Thus, apparently, if Karstetter presented some answer, argument, or brief in response to the notice of hearing, he responded for the purposes of RCW 10.14.080.

In response to the notice of hearing, Lonnquist—on behalf of Karstetter—contacted opposing counsel in an attempt to agree to a continuance. Lonnquist submitted a notice of appearance. Volvovic—on behalf of Karstetter—physically appeared at the hearing and moved for a continuance. It stands to reason that, through these actions of his counsel, Karstetter responded to the hearing notice.

In light of the foregoing, we conclude that the court erred in entering the protection order on the ground that Karstetter did not physically appear.[2] As such, the issues of the motion to continue and the motion to strike are moot.

Reversed.

_Chun, J._

WE CONCUR:

_Mann, ACJ_

_Dwyer, J._

---

[2] Because we conclude that the trial court abused its discretion by entering the protection order and denying the motion to reconsider, we vacate the award of fees and costs and deny Orth's motion for additional fees under RCW 10.14.090.

Orth also requests that we impose CR 11 sanctions on Karstetter because he makes meritless and "extremely offensive accusations" regarding Berkowitz's conduct at trial. We decline to impose CR 11 sanctions because they are intended for use by trial courts, not appellate courts. Bldg. Indus. Ass'n of Wash. v. McCarthy, 152 Wn. App. 720, 750, 218 P.3d 196 (2009) (explaining that an amendment to RAP 18.7 removed the availability of CR 11 sanctions on appeal, and declining to impose fees where the movant identified no specific statutory ground for appellate fees besides CR 11); 3 KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE, RAP 18.9 at 498–99 (8th ed. 2014).